**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4198**

———————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

KHALEEL ALI HILLIARD,

                              Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  N. Carlton Tilley, Jr.,
District Judge.  (1:06-cr-00156-NCT)

———————

Submitted:  November 15, 2007        Decided:  November 20, 2007

———————

Before WILLIAMS, Chief Judge, and MOTZ and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Seth R. Cohen, SMITH, JAMES, ROWLETT & COHEN, L.L.P., Greensboro,
North Carolina, for Appellant. Anna Mills Wagoner, United States
Attorney, Paul A. Weinman, Assistant United States Attorney,
Winston-Salem, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Khaleel Ali Hilliard appeals his 189-month sentence entered pursuant to his guilty plea to one count of bank robbery. Hilliard's attorney has filed a brief in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967). Hilliard then obtained new counsel and filed a supplemental brief and joint appendix. Hilliard has filed a pro se informal brief. Finding no error, we affirm.

Hilliard pled guilty after the second day of trial. At the Fed. R. Crim. P. 11 hearing, Hilliard inquired about receiving a three level reduction for acceptance of responsibility under <u>U.S. Sentencing Guidelines Manual</u> § 3E1.1(b) (2005 & Supp. 2006). At sentencing, the court applied a two-level reduction for acceptance of responsibility, and counsel questions whether the failure to add an additional decrease was error. To receive the additional level of reduction, the Government had to move for the reduction. <u>See</u> USSG § 3E1.1(b). The Government was not bound to do so, and there was no agreement for such in the plea agreement. Therefore, the court did not err in failing to award an additional decrease of one offense level.

Hilliard's <u>Anders</u> brief also raises the issue of whether this court's review of a post-<u>Booker</u>[*] sentence relying on a presumption of reasonableness results in a mandatory application of

---

[*]<u>United States v. Booker</u>, 543 U.S. 220 (2005).

the Sentencing Guidelines. The Supreme Court recently upheld the presumption of reasonableness in <u>Rita v. United States</u>, 127 S. Ct. 2456, 2462-69 (2007) (upholding application of presumption of reasonableness to within-Guidelines sentence). Therefore, this challenge fails.

Hilliard's new counsel filed a brief arguing that counsel was ineffective by miscommunicating a plea offer by the Government to the Defendant, resulting in Hilliard not being awarded a third point for acceptance of responsibility. Hilliard's pro se informal brief raises the same issue. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. <u>See</u> <u>United States v. King</u>, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring his claim in a 28 U.S.C. § 2255 (2000) motion. <u>See</u> <u>id.</u>; <u>United States v. Hoyle</u>, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists when the record conclusively establishes ineffective assistance. <u>United States v. Richardson</u>, 195 F.3d 192, 198 (4th Cir. 1999); <u>King</u>, 119 F.3d at 295. After reviewing the record on appeal, including the supplemental brief filed by newly appointed counsel, we conclude that the record does not conclusively establish ineffective assistance and that it would be more appropriate to bring this claim in a 28 U.S.C. § 2255 motion. <u>See</u> <u>Richardson</u>, 195 F.3d at 198.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Hilliard's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>